Charles Louis, Plaintiff-Appellant, v. Louis Barenfanger, d/b/a Barenfanger Construction Company, Defendant-Appellee.

Gen. No. 66–61.

Fifth District.

September 14, 1966.

Modified opinion April 10, 1967.

Hanagan & Dousman, of Mt. Vernon, for appellant.

James B. Wham, Wham & Wham, of Centralia, and Robert D. Albright, Raemer & Albright, of Salem, for appellee.

GOLDENHERSH, J.

Plaintiff appeals from the judgment of the Circuit Court of Marion County entered upon allowance of a motion to dismiss plaintiff's third amended complaint.

Plaintiff's third amended complaint, as further amended by interlineation, alleges that defendant was a general contractor engaged in the erection of a school building, that defendant had charge of the erection of the building and all scaffolds, stays and supports used thereon, that all scaffolds, stays and supports mentioned, except for the scaffold mentioned in paragraph 8D, were to remain in place and become a part of the building, that plaintiff was employed by a subcontractor engaged in part of the construction job.

The complaint further alleges that sections 60 and 69 of chapter 48, Ill Rev Stats 1955, were then in force and effect and it was defendant's duty to comply with the provisions thereof. Paragraph 8 alleges that defendant wilfully or knowingly failed to comply with the provisions of the Structural Work Act in various respects. A motion to strike paragraphs 8A, 8B, and 8C was allowed prior to the filing of the motions hereinafter discussed. In paragraph 8D plaintiff charges violation of the statute "By knowingly permitting one or more planking-type scaffolds to be used in the construction of said building, the said scaffolds were not so placed as to give proper and adequate protection to the life and limb of the plaintiff and other persons employed or engaged thereon."

Defendant filed a motion attacking section 8D praying that plaintiff be required to plead additional facts, or in the alternative the cause be dismissed, and also filed a motion for a bill of particulars. Plaintiff's motion for denial of a bill of particulars was overruled, and a bill of particulars was filed. In the bill of particulars plaintiff states that the planking-type scaffolds referred to in the complaint consisted of boards laid across "I" beams, which boards had been furnished by defendant. Plaintiff further states that he was not standing on a plank-type scaffold at the time that he fell, for the reason that the scaffolds were not properly placed for his use,

that he did not know the location of the scaffolds at that time, and that employees of the defendant had "placed or misplaced" the scaffolds.

The trial court allowed defendant's motion and dismissed the case. This appeal followed.

Although the exact basis for dismissal cannot be determined from the order entered by the circuit court, the parties have briefed and argued the following propositions. Plaintiff contends (a) that the Structural Work Act is designed to include not only scaffolds, but hoists, cranes, stays, ladders, supports, or "other mechanical contrivances"; (b) that a scaffold, by definition, is temporary, but a support, if it is furnished for use, and used, as a support during the course of construction falls within the purview of the Structural Work Act, although it may be a part of the permanent structure, (c) that if defendant knowingly permitted planks to be used in the construction work, and at the time of plaintiff's injury the planks were not so placed as to give proper and adequate protection to the life and limb of the plaintiff, defendant is in violation of the statutory requirement for proper placement of supports or scaffolds.

Defendant contends (a) that a permanent part of a building is not a scaffold or support within the meaning of the Structural Work Act (b) that the fact that a workman chooses to walk on an integral permanent part of a structure does not make that part of the building a scaffold or support within the meaning of the Structural Work Act, (c) that the Structural Work Act does not require a contractor to furnish a scaffold or support to an employee of a subcontractor, (d) that the Structural Work Act does not confer upon a contractor the power, nor place upon him the duty, to prohibit an employee of a subcontractor from walking on an integral part of a building under construction (e) the fact that a contractor might have used a scaffold at some stage of construction, does not thereafter impose upon him the duty

107

to place a scaffold for every other operation conducted by a subcontractor's employee.

In determining the sufficiency of a complaint when attacked by a motion to strike or dismiss, the facts well pleaded must be taken as true. Acorn Auto Driving School, Inc. v. Board of Education, 27 Ill2d 93, 187 NE2d 722. The bill of particulars furnished upon the demand of the defendant should be deemed a part of the third amended complaint to which it relates, (McDonald v. The People, 126 Ill 150, 18 NE 817; O'Leary v. The People, 88 Ill App 60; Sterling-Midland Coal Co. v. Ready & Callaghan Coal Co., 236 Ill App 403) and for purposes of the motion, it is therefore admitted that defendant had charge of the erection of the building and of all scaffolds, stays, and supports used in the construction work, that defendant had furnished, and knowingly permitted the use of one or more planking-type scaffolds, and that the proximate cause of plaintiff's injury was the failure to properly place these scaffolds.

Defendant refers this court to plaintiff's first amended complaint for the "basic facts as to how plaintiff fell." That complaint was dismissed, and by leave of court plaintiff has filed his third amended complaint. The third amended complaint makes no reference to any other complaint, and for the purposes of the motion attacking it, is neither aided nor impaired by any prior pleading. Bowman v. County of Lake, 29 Ill2d 268, 193 NE2d 833.

In support of the court's action in dismissing the third amended complaint, defendant makes repeated reference to plaintiff's testimony taken by discovery deposition. Defendant has not cited, nor has this court found any authority for the use of a discovery deposition in support of a motion based upon either sections 42 or 45 of the Civil Practice Act, upon which sections defendant's motion purports to be based. In view of the holdings of the Supreme Court that except as provided in section 48 of the Civil Practice Act, the disposition

108

of a motion to dismiss must be made upon the allegations contained in the complaint, we hold that the deposition is not properly to be considered in determining the sufficiency of the third amended complaint. Mutual Tobacco Co. v. Halpin, 414 Ill 226, 111 NE2d 155; Hansen v. Raleigh, 391 Ill 536, 63 NE2d 851.

██ As stated in Thon v. Johnson, 30 Ill App2d 317, 174 NE2d 400, "There is little authority in Illinois as to what does and what does not constitute a scaffold within the meaning of the statute," and whether an object or instrumentality is a scaffold or support must be determined on the facts in each case. Thus an overhead crane (Bounougias v. Republic Steel Corp., 277 F2d 726), a shovel extension mounted on a tractor (Oldham v. Kubinski, 37 Ill App2d 65, 185 NE2d 270) and a plank laid across a concrete form (Frick v. O'Hare-Chicago Corp., 70 Ill App2d 303, 217 NE2d 552) were held to be scaffolds under the facts presented in those cases. If, as alleged in the complaint, planks, or "planking-type scaffolds" were furnished for use in the construction of the building, as a place for plaintiff to work, they were "scaffolds" or "supports" within the contemplation of the Structural Work Act.

██ Defendant argues that the Structural Work Act does not apply because "plaintiff was not using a 'scaffold, hoist, crane, stay, ladder or other mechanical contrivance' when he fell." As above stated, the plaintiff, in his bill of particulars, alleges that he was not standing on a scaffold when he fell, for the reason that the planking-type scaffold or supports were not properly placed for his use. The statute upon which plaintiff relies provides that scaffolds and supports "shall be so erected and constructed, placed and operated. . . ." Obviously the failure to properly place a scaffold or support is as much an actionable violation of the Structural Work Act as is the failure to properly construct, erect or operate a scaffold or mechanical contrivance.

██ The Civil Practice Act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. (C 110, § 33(3), Ill Rev Stats 1965.) In Miller v. DeWitt, (Docket No. 39428), in reviewing the trial court's ruling in dismissing a third party complaint, the Supreme Court, speaking through Mr. Justice Underwood, said "The trial court should not have dismissed the third-party complaint unless it appears from the pleadings that in no event would the architects have an action over against the contractor." We understand this language to hold that a cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings, which will entitle the plaintiff to recover. Applying this rule to the third amended complaint, as amended, the dismissal of the cause was error. We do not further discuss the many contentions briefed and argued by the parties for the reason that they do not, at this time, present issues for decision. Mahin v. Baltis, 34 Ill2d 413, 216 NE2d 132.

For the reasons stated, the judgment of the Circuit Court of Marion County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and cause remanded.

MORAN and EBERSPACHER, JJ., concur.