CONCEPCION NOYOLA *et al.*, Plaintiffs-Appellants, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—90—1660

Opinion filed March 19, 1992.

Ruben Castillo and Arturo Jauregui, both of Mexican American Legal Defense Fund, and Michael Radzilowsky, of Radzilowsky & Dobish, both of Chicago, for appellants.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McMORROW delivered the opinion of the court:

This is an appeal from the trial court's dismissal with prejudice of a complaint filed by plaintiffs, who are (1) parents of allegedly disadvantaged Chicago school children and (2) community-based advocacy groups whose members include parents of allegedly disadvantaged Chicago school children. The trial court dismissed plaintiffs' complaint under section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) because it concluded that the plaintiffs lacked standing to challenge the method by which the defendants, the Board of Education of the City of Chicago (hereinafter the Chicago Board of Education) and the Illinois State Board of Education, allocate certain public funds for educational use. Because we find defendants' arguments insufficient basis to dismiss plaintiffs' complaint for lack of standing, we reverse and remand.

The plaintiffs in the instant cause are comprised of two groups. One group is parents of allegedly economically disadvantaged Chicago public school children. A second group is community-based advocacy

organizations (Parents United for Responsible Education, Por Un Barrio Mejor, and United Neighborhood Organization of Chicago) whose members include parents of allegedly economically disadvantaged Chicago public school children. As ultimately amended, plaintiffs' suit challenged the method by which the State Board of Education allocates to the Chicago School Board certain public school funds intended exclusively for economically disadvantaged students. These funds are referred to by the parties as "Title I funds," and are provided for in section 18—8(i) of the Illinois School Code (Ill. Rev. Stat. 1989, ch. 122, par. 18—8(i)). Plaintiff's pleading was filed as a class action suit on behalf of all economically disadvantaged students of Chicago public schools.

In their complaint, plaintiffs alleged that the Chicago School Board and the State Board of Education have been improperly allocating Title I funds among Chicago public schools. Count I of the complaint alleged that the defendants' improper allocation of Title I funds violated the plaintiffs' right to "adequate educational opportunities" under article X, section 1, of the Illinois Constitution. (Ill. Const. 1970, art. X, §1.) In count II, plaintiffs alleged that defendants' improper use of Title I funds created a system of unequal distribution of educational resources among Chicago public school students, thereby violating the equal protection clause of the Illinois Constitution. (Ill. Const. 1970, art. I, §2.) Count III alleged that defendants' actions were unlawful under the Illinois Administrative Procedure Act (Ill. Rev. Stat. 1989, ch. 127, par. 1001 *et seq.*). In count IV, plaintiffs alleged that defendants' improper use of Title I funds violated plaintiffs' rights under section 1983 of the Civil Rights Act (42 U.S.C. §1983 (1989)) and the equal protection clause of the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV). Plaintiffs requested injunctive and declaratory relief.

Defendants filed a motion to dismiss plaintiffs' amended complaint, pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), for failure to state claims for which relief could be granted. Defendants argued *inter alia* that plaintiffs lacked standing to sue defendants for the alleged improper use of Title I funds. Following briefing and argument, the trial court allowed defendants' motion to dismiss and dismissed plaintiffs' complaint in its entirety with prejudice. Plaintiffs appeal.

We consider first the parties' arguments regarding the standing of those plaintiffs who are parents of allegedly economically disadvantaged Chicago public school students. Defendants claim that these plaintiffs have no standing to challenge the use of Title I funds under

section 18—8(i) of the School Code. Specifically, defendants assert that these plaintiffs cannot state a "private cause of action" under section 18—8(i).

■ Under Illinois jurisprudence, a plaintiff possesses standing to sue when the plaintiff has suffered an injury in fact to a legally cognizable interest. (*Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 492-93, 524 N.E.2d 561.) The Illinois Supreme Court has refused to expand the requirements of standing to include a "zone of interest" test. (See *Greer*, 122 Ill. 2d at 487-92.) Under the zone of interest test, a plaintiff must show that the defendant's violation of the statute will cause the plaintiff to suffer an injury and that the interest asserted by the plaintiff lies within the "zone of interests" protected by the statute. *Greer*, 122 Ill. 2d at 487.

■ Defendants argue that in order to have standing to sue, plaintiffs must state a "private cause of action." A private cause of action is found to exist where: (1) the plaintiff falls within the class of persons the statute is designed to benefit; (2) the plaintiff's injury is one the statute is intended to prevent; (3) implying the cause of action is consistent with the underlying purpose of the statute; and (4) implying a private cause of action is necessary to effectuate the purpose of the statute. *Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 470, 546 N.E.2d 580.

■ In light of *Greer*, we must decline defendants' invitation to further engraft upon Illinois standing law the additional requirement that the plaintiffs satisfy the factors associated with the concept of a "private cause of action." The criteria governing a private cause of action are markedly similar to the zone of interest test. In each test, the plaintiff must show that he has been injured by the defendant's violation of the statute and that the plaintiff's injury is one the statute is designed to prevent. Both analyses also require consideration of the underlying purposes of the statute in question. See *Greer*, 122 Ill. 2d at 487-91; *Board of Education*, 131 Ill. 2d at 470.

Because the Illinois Supreme Court has refused to apply the zone of interest test to Illinois standing requirements, we find the criteria of a private cause of action equally inapplicable to standing requirements under Illinois law. We adhere to the view expressed by the Illinois Supreme Court in *Greer* that it would serve no useful purpose to further expand the concept of standing in Illinois beyond the present requirement that the plaintiff show an injury in fact to a legally cognizable interest. *Greer*, 122 Ill. 2d at 492-93.

■ Accordingly, defendants' argument regarding a private cause of action is not properly considered in the context of whether the

plaintiffs have standing to bring the instant suit against the defendants. Defendants raise no argument with respect to whether plaintiffs have standing under Illinois law, *viz.*, defendants do not argue that plaintiffs did not suffer an injury in fact to a legally cognizable interest. In light of these circumstances, we reverse the trial court's dismissal of these plaintiffs' complaint and remand the matter for further proceedings consistent herewith.

Defendants also argue that the plaintiffs who are community-based advocacy groups with members who are parents of economically disadvantaged Chicago public school children lack standing to file the instant suit against defendants.

■ As we have previously stated, to determine whether the plaintiffs have standing, the proper inquiry is whether the plaintiffs have suffered an injury in fact to a legally cognizable interest. (*Greer*, 122 Ill. 2d at 492.) Lack of standing is an affirmative defense, and it is the defendants' burden to show that the plaintiffs do not have standing to sue. (*Greer*, 122 Ill. 2d at 494.) The issue is not appropriately presented in a section 2—615 motion to dismiss, which tests whether the complaint is sufficient to state a claim for which relief might be granted. Ill. Rev. Stat. 1989, ch. 110, par. 2—615; see *Greer*, 122 Ill. 2d at 494.

■ Defendants dispute whether the plaintiffs who are community-based advocacy groups have alleged sufficient facts to show that the groups have suffered an injury to a right or interest possessed by these advocacy groups. (See *Spring Mill Townhomes Association v. OSLA Financial Services, Inc.* (1983), 124 Ill. App. 3d 774, 777, 465 N.E.2d 490.) However, the record before us does not contain facts from which such an analysis can be made. It was defendants' burden to plead and prove that these plaintiffs lacked standing. (*Greer*, 122 Ill. 2d at 494.) Having failed to satisfy this burden, defendants' motion should not have been granted. Consequently, we reverse the trial court's dismissal of the complaint filed on behalf of the plaintiffs who are community-based advocacy groups and remand the matter for further proceedings consistent herewith.

Defendants also raise other arguments regarding the sufficiency of plaintiffs' complaint. The record indicates that the trial court declined to rule on these issues, because the court found the question of standing sufficient ground to dismiss the plaintiffs' complaint with prejudice. For this reason, the trial court would not permit plaintiffs the opportunity to amend their complaint in response to the defendants' additional arguments. On appeal, plaintiffs assert that they should have been allowed to amend their complaint. We find that the

434

defendants' additional arguments should be addressed by the trial court on remand, following amendments to the plaintiffs' complaint as the trial court hereinafter permits. Consequently, we do not consider defendants' additional arguments in this appeal.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

JIGANTI, P.J., and LINN, J., concur.