783 N.E.2d 217 (2003)
336 Ill. App.3d 319
270 Ill.Dec. 642
BANK ONE MILWAUKEE, Plaintiff and Counterdefendant,
v.
Eduardo SANCHEZ, Defendant and Counterplaintiff (Aida Sanchez, Defendant and Counterplaintiff-Appellant and Cross-Appellee; Don McCue Chevrolet-Geo, Inc., Defendant-Appellee and Cross-Appellant; Ernesto Ponce, Defendant-Appellee; Seguros Commercial America, Defendant).
No. 2-02-0011.
Appellate Court of Illinois, Second District.
January 17, 2003.
*218 Sharmila Roy, Norman H. Lehrer, Lehrer & Canavan, P.C., Wheaton, for Aida Sanchez, Edwardo Sanchez.
Joseph M. Laraia, Laraia & Hubbard, P.C., Wheaton, for Don McCue Chevrolet-Geo, Inc.
Ronald O. Roeser, Roeser & Vucha, Elgin, for Ernesto Ponce.
Justice GROMETER delivered the opinion of the Court:
Plaintiff, Aida Sanchez, appeals from the judgment of the circuit court of Kane County denying her claims against defendants Ernesto Ponce and Don McCue Chevrolet-Geo, Inc. Aida alleged that McCue and Ponce violated the Consumer Fraud and Deceptive Business Practices *219 Act (Act) (815 ILCS 505/1 et seq. (West 1998)) in two ways. First, she asserted that defendants forged her signature as a cosigner on a contract for the sale of a truck purchased by her nephew, Eduardo Sanchez. Second, she alleged that defendants failed to disclose that a portion of a charge for an extended warranty was retained by the dealership instead of being paid to the third party that provided the warranty, as implied by the contract. Aida brought her claims as counterclaims in an action originally initiated by Bank One Milwaukee, which is not a party to this appeal, after Eduardo ceased making payments on the truck. The trial court ultimately found that Aida had failed to prove the allegations set forth in her complaint.
Aida then filed this appeal, raising a number of errors that include the dismissal of one of her claims, the barring of Eduardo's testimony because of a discovery violation, the imposition of attorney fees under both the Act and Supreme Court Rule 137 (155 Ill.2d R. 137), and the denial of her motion to voluntarily dismiss her claims against Ernesto. The resolution of these issues has no significant precedential value; thus, they will be relegated to an unpublished portion of this opinion. McCue has also filed a cross-appeal, attacking Aida's standing to bring an action under the Act. This issue, which deals with a question previously unaddressed by the courts of this state, merits publication, and, as it concerns standing, we will address it first.

McCUE'S CROSS-APPEAL
McCue moved to dismiss Aida's counterclaim, arguing that she lacked standing to bring a cause of action under the Act (815 ILCS 505/1 et seq. (West 1998)) because, taking the allegations of her complaint as true, she is not a consumer. A plaintiff's standing to maintain an action may be properly raised in a motion to dismiss brought pursuant to section 2-619 of the Civil Practice Law (735 ILCS 5/2-619 (West 1998)). City of Chicago ex rel. Scachitti v. Prudential Securities, Inc., 332 Ill.App.3d 353, 369, 265 Ill.Dec. 535, 772 N.E.2d 906 (2002). All well-pleaded facts must be taken as true and viewed in the light most favorable to the nonmovant. Altair Corp. v. Grand Premier Trust & Investment, Inc., 318 Ill.App.3d 57, 61, 252 Ill.Dec. 101, 742 N.E.2d 351 (2000). Lack of standing is an affirmative defense. Skolnick v. Altheimer & Gray, 191 Ill.2d 214, 237, 246 Ill.Dec. 324, 730 N.E.2d 4 (2000). The burden is on a defendant to show that a plaintiff lacks standing. Noyola v. Board of Education of the City of Chicago, 227 Ill.App.3d 429, 433, 169 Ill.Dec. 678, 592 N.E.2d 165 (1992). We conduct de novo review of a trial court's decision to dismiss a complaint. Myers v. The Telegraph, 332 Ill. App.3d 917, 921, 265 Ill.Dec. 830, 773 N.E.2d 192 (2002).
McCue observes that Aida has alleged that her signature on the contract was actually a forgery. Taking this allegation as true, McCue reasons, Aida did not sign the contract and was therefore not a purchaser of the truck. The Act defines a consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e) (West 1998). Thus, McCue concludes, accepting as true Aida's allegation that she was not a signatory to the contract, she does not fit within the definition of "consumer," and she lacks standing to bring an action under the Act. See, e.g., Norton v. City of Chicago, 267 Ill.App.3d 507, 509-10, 204 Ill.Dec. 938, 642 N.E.2d 839 (1994). Admittedly, McCue's position *220 is logical; however, it is also wholly unpersuasive.
The Act is remedial in nature. Robinson v. Toyota Motor Credit Corp., 201 Ill.2d 403, 417, 266 Ill.Dec. 879, 775 N.E.2d 951 (2002). Furthermore, the legislature has mandated that it is to be liberally construed to effectuate its purposes. 815 ILCS 505/11a (West 1998). Several courts have noted that "[t]here is a clear mandate from the Illinois legislature that the courts of this State utilize the Act to the utmost degree in eradicating all forms of deceptive and unfair business practices and grant appropriate remedies to injured parties." Duhl v. Nash Realty Inc., 102 Ill.App.3d 483, 495, 57 Ill.Dec. 904, 429 N.E.2d 1267 (1981); Perlman v. Time, Inc., 64 Ill.App.3d 190, 198, 20 Ill. Dec. 831, 380 N.E.2d 1040 (1978); see also Kirkruff v. Wisegarver, 297 Ill.App.3d 826, 838, 231 Ill.Dec. 852, 697 N.E.2d 406 (1998) ("In addition, courts should liberally construe and broadly apply the Act to eradicate all forms of deceptive and unfair business practices"). The Act makes unlawful both unfair and deceptive business practices. Robinson, 201 Ill.2d at 417, 266 Ill. Dec. 879, 775 N.E.2d 951.
McCue relies on a line of cases denying standing to plaintiffs where it was determined that they were not consumers. See, e.g., Norton, 267 Ill.App.3d at 509-10, 204 Ill.Dec. 938, 642 N.E.2d 839; McCarter v. State Farm Mutual Automobile Insurance Co., 130 Ill.App.3d 97, 101, 85 Ill.Dec. 416, 473 N.E.2d 1015 (1985); Steinberg v. Chicago Medical School, 69 Ill.2d 320, 328, 13 Ill.Dec. 699, 371 N.E.2d 634 (1977). For example, in Steinberg, our supreme court held that applicants to medical school were not consumers as defined by the Act and could therefore not maintain a cause of action. Steinberg, 69 Ill.2d at 328, 13 Ill. Dec. 699, 371 N.E.2d 634. We note, however, that another line of cases exists that allows a plaintiff to maintain a cause of action under the Act despite the fact that the plaintiff is not a consumer as defined by the Act (see 815 ILCS 505/1(e) (West 1998)). E.g., Sullivan's Wholesale Drug Co. v. Faryl's Pharmacy, Inc., 214 Ill. App.3d 1073, 1082-83, 158 Ill.Dec. 185, 573 N.E.2d 1370 (1991); Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill.App.3d 524, 534, 137 Ill.Dec. 409, 546 N.E.2d 33 (1989).
A number of cases have allowed a business to maintain a cause of action under the Act even though the business was not a consumer of the defendant's goods. In Downers Grove Volkswagen, Inc., 190 Ill. App.3d at 534, 137 Ill.Dec. 409, 546 N.E.2d 33, for instance, this court confronted the question of whether a business had standing to sue a competitor under the Act where the competitor published false information about the business's prices for services. We held that, "where the dispute involves two businesses that are not consumers, the proper test is as stated in Pain Prevention Lab, [Inc. v. Electronic Waveform Labs, Inc., 657 F.Supp. 1486, 1493 (N.D.Ill.1987),] whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns." Downers Grove Volkswagen, Inc., 190 Ill. App.3d at 534, 137 Ill.Dec. 409, 546 N.E.2d 33. We concluded that the competitor's conduct implicated consumer protection concerns and that the business could therefore maintain a suit under the Act. See also Zinser v. Rose, 245 Ill.App.3d 881, 886-87, 185 Ill.Dec. 574, 614 N.E.2d 1259 (1993); Sullivan's Wholesale Drug Co., Inc., 214 Ill.App.3d at 1082-83, 158 Ill.Dec. 185, 573 N.E.2d 1370; Gadson v. Newman, 807 F.Supp. 1412, 1421 (C.D.Ill.1992).
Thus, the question before us becomes whether the test for standing articulated in Downers Grove Volkswagen is *221 limited to businesses or whether a nonbusiness plaintiff who meets this criterion may also maintain an action under the Act. In answering this question, we find considerable guidance in the plain language of the Act, which is, of course, the best indicator of the legislature's intent in enacting a statute (Lauer v. American Family Life Insurance Co., 199 Ill.2d 384, 388, 264 Ill.Dec. 87, 769 N.E.2d 924 (2002)).
We first observe that section 10a of the Act grants a cause of action to "[a]ny person who suffers actual damage." (Emphasis added.) 815 ILCS 505/10a (West 1998). We further note that section 1 of the Act provides the following definition of "person":
"The term `person' includes any natural person or his legal representative, partnership, corporation (domestic and foreign), company, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust thereof." (Emphasis added.) 815 ILCS 505/1 (West 1998).
Thus, the Act draws no distinction between natural persons and businesses, granting both the status of "person." By virtue of this status, both are further granted the right to bring an action under the Act in section 10a. 815 ILCS 505/10a (West 1998); cf. Skyline International Development v. Citibank, F.S.B., 302 Ill. App.3d 79, 85, 236 Ill.Dec. 68, 706 N.E.2d 942 (1998) ("However, as long as the plaintiff, whether a business entity or a person, is a consumer, it need only show a personal injury caused by the fraudulent or deceptive acts").
Given that the Act is to be liberally construed to eradicate all forms of unfair or deceptive practices, and given that the Act itself draws no distinction between natural persons and businesses, we hold that the test set forth for standing in Downers Grove Volkswagen (see Downers Grove Volkswagen, Inc., 190 Ill.App.3d at 534, 137 Ill.Dec. 409, 546 N.E.2d 33) applies to any entity seeking to bring an action under the Act. A contrary holding, that businesses have standing to vindicate such concerns while natural persons do not, would be anomalous indeed, and we see no basis in the Act itself or elsewhere for drawing such a distinction. See Sullivan's Wholesale Drug Co., Inc., 214 Ill. App.3d at 1082, 158 Ill.Dec. 185, 573 N.E.2d 1370 ("The Act expressly defines the term `person' to include any corporation, company or business entity"). Thus, if a natural person, like a business, alleges "conduct [that] involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns" (Downers Grove Volkswagen, Inc., 190 Ill.App.3d at 534, 137 Ill.Dec. 409, 546 N.E.2d 33), that person has standing to sue under the Act. We must now determine whether Aida has met this standard.
Aida alleged that McCue forged her signature on the contract it prepared in connection with Eduardo's purchase of the truck. This conduct is clearly not "addressed to the market generally"; hence, we must consider whether it "otherwise implicates consumer protection concerns." See Downers Grove Volkswagen, Inc., 190 Ill.App.3d at 534, 137 Ill.Dec. 409, 546 N.E.2d 33. It has been noted that "[n]either the Consumer Fraud Act nor its legislative history provides definitional parameters for the phrase `implicates consumer protection concerns.'" Brody v. Finch University of Health Sciences/The Chicago Medical School, 298 Ill.App.3d 146, 159, 232 Ill.Dec. 419, 698 N.E.2d 257 (1998). Moreover, "our legislature intended that any gaps in the Consumer Fraud Act be supplied by judicial construction." Brody, 298 Ill. App.3d at 159, 232 Ill.Dec. 419, 698 N.E.2d *222 257. Whatever the outer parameters of the meaning of "implicates consumer protection concerns," we have little trouble concluding that the allegations set forth in the instant case fall squarely within its scope. Quite simply, Aida alleged that a merchant bound her to a commercial transaction through a fraudulent act. We conclude that she has standing to bring an action under the Act.
[Nonpublishable under Supreme Court Rule 23 omitted here.]

CONCLUSION
Accordingly, we hold that the circuit court properly denied the motion to dismiss Aida for lack of standing. In the unpublished portion of this opinion, we concluded that the trial court erred in awarding attorney fees to defendants under the Act (see 815 ILCS 505/10a(c) (West 1998)) and reversed that portion of the trial court's decision. We also vacated the trial court's award of fees under Supreme Court Rule 137 (155 Ill.2d R. 137) and remanded on this issue so that the trial court can make appropriate findings and enter an order in conformity therewith.
We affirmed as to all other matters raised by Aida.
Affirmed in part, reversed in part, and vacated in part; cause remanded with directions.
BYRNE and KAPALA, JJ., concur.