# Illinois Official Reports

## Appellate Court

---

***Deutsche Bank National Trust v. Peters*, 2017 IL App (1st) 161466**

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST, as Trustee for Argent Securities Inc., Asset-Backed Pass-Through Certificates, Series 2006-W4, Plaintiff-Appellee, v. RUDY PETERS, Defendant-Appellant (Renate G. Peters; Yellow Book USA, Inc.; Unknown Owners and Nonrecord Claimants; Platinum Research5, LLC; United States of America; State of Illinois, Defendants). |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-1466 |
| Filed | June 23, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-1596; the Hon. Pamela McLean Meyerson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Terrence M. Jordan, of Chicago, for appellant.<br><br>Hinshaw & Culbertson LLP, of Chicago (Kimberly A. Jansen, of counsel), for appellee. |

Panel JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1 Following a judgment of foreclosure on the property formerly owned by defendant-appellant Rudy Peters, the circuit court of Cook County entered a judgment, confirming the sale of the property in favor of plaintiff-appellee, Deutsche Bank National Trust (the bank). Peters now appeals from the order confirming the sale. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2 BACKGROUND

¶ 3 The trial court entered a judgment for foreclosure and sale on Peters's property in favor of the bank. Peters does not challenge the original foreclosure judgment.

¶ 4 Following a judicial sale at which the bank purchased the property, the bank moved for an order confirming the sale pursuant to section 15-1508 of the Code of Civil Procedure (Code) (735 ILCS 5/15-1508 (West 2016)). Peters objected to the bank's motion. In his objection, Peters argued that the following language in the published notice of sale violated the Illinois Human Rights Act (Act) (775 ILCS 5/3-102(F) (West 2016)): "You will need a photo identification issued by a government agency (driver's license, passport, etc.) in order to gain entry into our building and the foreclosure sale room ***." Peters claimed that this was a violation of the Act that prevented the court from confirming the sale under section 15-1508(b) of the Code.

¶ 5 Following a hearing, the trial court entered an "Order Approving Report of Sale and Distribution, Confirming Sale, and Order of Possession" in favor of the bank. In its order, the court stated: "The court makes a finding that [Peters] has not met [his] burden to show that the sale should not be approved. Further, the court finds that [Peters] has not proven that the notice of sale violated the Human Rights Act or that [Peters] has standing to raise that issue."

¶ 6 Peters filed a notice of appeal, challenging the confirmation of the sale.

¶ 7 ANALYSIS

¶ 8 We note that we have jurisdiction to review the trial court's order confirming the sale as Peters filed a timely notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. S. Ct. R. 303 (eff. Jan. 1, 2015).

¶ 9 As a preliminary matter, we note that the bank urges us to dismiss Peters's appeal due to several violations of Illinois Supreme Court Rule 341, including but not limited to: failing to provide proper proof of service, failing to include a statement of the issue in his brief, and failing to cite to the record. Ill. S. Ct. R. 341 (eff. Jan. 1, 2016). However, we find that these violations are minor and do not hinder our review of the case. See *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 10 n.4.

¶ 10    Moving to the merits of the case, Peters does not address the finding of lack of standing. However, he argues that the order confirming the sale should be vacated because the notice of sale violated the Act, as it required potential purchasers to provide a government-issued identification. Specifically, he argues that the notice of sale language discriminates on the basis of "national origin," since persons, particularly Mexican nationals, who have entered the country without proper documentation are prohibited from obtaining a government-issued identification and thus would be unable to participate in the judicial sale of the property. Peters urges this court to find that by restricting the universe of potential buyers to persons possessing a government-issued identification, the terms of the sale were unlawfully discriminatory, not commercially reasonable, and otherwise unconscionable.

¶ 11    In response, the bank first argues that Peters has forfeited any challenge to the trial court's finding that he lacked standing to challenge the notice of sale under the Act, because he did not raise the argument in his brief, and requests us to affirm the trial court's judgment on that basis. The bank makes no further arguments on the issue of standing. The bank otherwise argues that the language in the notice of sale did not violate the Act because (1) the language requiring a government-issued identification does not discriminate based on national origin and (2) the Act does not bar discrimination based on citizenship status.

¶ 12    While the bank is correct that Peters did not argue the issue of standing in his brief, we emphasize that forfeiture is a limit on the parties, not the court, and we may exercise our discretion to review an otherwise forfeited issue. *Great American Insurance Co. of New York v. Heneghan Wrecking & Excavating Co.*, 2015 IL App (1st) 133376, ¶ 81 (Gordon, J., specially concurring). We exercise our discretion to address the standing issue in this case. We will thus review whether the court erred in confirming the sale upon lack of standing before we may reach whether the notice of sale violated the Act.

¶ 13    Pursuant to section 15-1508(b) of the Code, upon motion and notice, the court shall confirm the judicial sale after foreclosure unless the court finds that (i) proper notice of the sale was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2016). *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 18. The provisions of section 15-1508 confer on courts broad discretion in approving or disapproving judicial sales. *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293, 300 (1995). A court's decision to confirm or reject a judicial sale under the statute will not be disturbed absent an abuse of that discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008).

¶ 14    We first address the court's finding that Peters lacked standing to assert his argument regarding a violation of the Act. The doctrine of standing assures that issues are raised only by those parties with a real interest in the outcome of the controversy. *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). It is well settled that under Illinois jurisprudence, a plaintiff possesses standing to sue when the plaintiff has suffered an injury in fact to a legally cognizable interest. *Noyola v. Board of Education of the City of Chicago*, 227 Ill. App. 3d 429, 432 (1992). The claimed injury may be actual or threatened, and it must be (1) distinct and palpable, (2) fairly traceable to the defendant's actions, and (3) substantially likely to be prevented or redressed by the grant of the requested relief. *Glisson*, 188 Ill. 2d at 221.

¶ 15    In the trial court, Peters did not identify a person, including himself, who went to the judicial sale with the adequate funds to purchase the property from the bank, but was denied access due to a lack of a government-issued identification. See *I.C.S. Illinois, Inc. v. Waste*

*Management of Illinois, Inc.*, 403 Ill. App. 3d 211, 225 (2010) (a plaintiff cannot establish standing to challenge the result of a bidding competition without establishing that he would have been successful but for defendant's conduct). The trial court also correctly noted that Peters did not present any evidence that any specific undocumented person was discouraged from bidding at the sale. Without such evidence, Peters's claim is purely speculative. Accordingly, Peters did not identify a distinct and palpable injury fairly traceable to the notice of sale, and thus did not have standing to assert a violation of the Act as a basis to challenge the resulting sale.

¶ 16     As Peters did not have standing to raise the issue of a violation of the Act, the trial court did not err when it rejected his objection and confirmed the sale of the property. Due to his lack of standing to raise the issue, there is no need for this court to analyze the court's additional finding that the Act was not violated by the notice of the sale.

¶ 17                                            CONCLUSION

¶ 18     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 19     Affirmed.