2022 IL App (1st) 211113-U

FIFTH DIVISION
SEPTEMBER 30, 2022

No. 1-21-1113

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| GREGORY CROVETTI and TRILOGY HOLDING, LTD., | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 07 CH 4703 |
| DOMAIN GROUP, LTD. and GEORGE SOURI, | ) ) ) ) | Honorable Patrick J. Heneghan, |
| Defendants-Appellants. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court's judgment reviving the default judgment and applying interest is affirmed.

¶ 2    On February 20, 2007, the plaintiffs-appellees, Gregory Crovetti and Trilogy Holding, Ltd. (collectively, the plaintiffs), filed a civil complaint in the circuit court of Cook County against the defendants-appellants, Domain Group, Ltd. (Domain Group) and George Souri (collectively, the defendants). On July 11, 2007, an alias summons and complaint were served upon Mr. Souri. On January 3, 2008, the circuit court entered a default judgment for the plaintiffs and against the

defendants. On December 23, 2014, the plaintiffs filed a petition to revive the judgment as to the defendants, which the circuit court granted on March 10, 2015. Mr. Souri filed a motion to vacate the trial court's March 2015 order reviving the judgment, arguing that a scrivener's error in the the plaintiffs' 2014 petition made the court's order void.[1] On March 8, 2021, after a hearing, the court vacated the order due to the "irreconcilable and conflicting information" contained in the plaintiffs' 2014 petition and finding that the court did not have jurisdiction to enter its 2015 order reviving the judgment. On March 11, 2021, the plaintiffs filed a subsequent petition to revive the 2008 judgment, since the previous revival was vacated, which the trial court granted on August 6, 2021. On September 3, 2021, Mr. Souri filed his notice of appeal. On appeal, Mr. Souri argues that: (1) the circuit court erred by reviving the judgment since it violated the doctrine of *laches*; and (2) the circuit court erred by applying interest to the payment during a time when the judgment was dormant. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                            BACKGROUND

¶ 4      We will only present the facts necessary to resolve this appeal. For a full recitation of the facts and procedural history of the case, see *Crovetti v. Domain Group, Ltd.*, 2022 IL App (1st) 210072-U. On February 20, 2007, the plaintiffs filed a complaint against the defendants alleging: breach of contract; breach of fiduciary duty; inducement of breach of fiduciary duty; conversion; common law fraud; and violation of the Uniform Deceptive Trade Practices Act (815 ILCS 510/2 (West 2004)). The plaintiffs served each of the defendants.

---

[1]The record and the two additional supplements to the record are devoid of Mr. Souri's petition to vacate the revived judgment, which was entered on March 10, 2015. As such, we must rely on the representations of the parties, transcript, and subsequent orders to determine the substance of the motion.

¶ 5    Regarding service of process for Mr. Souri, the record reveals that he was served on July 11, 2007, via a third alias summons. On January 3, 2008, the circuit court entered a default judgment for the plaintiffs against the defendants. On December 23, 2014, the plaintiffs filed a petition to revive the January 3, 2008, judgment, alleging that the defendants had not paid anything towards the judgment or the statutory interest that had accrued from the judgment.[2] In the plaintiffs' petition, the plaintiffs asserted that the 2008 default judgment was for $65,967.12. The petition made a scrivener's error, though, and alleged "[a]s of December 23, 2014, there remains due and owing to the Plaintiffs by the Defendants, jointly and severally, the amount of $5,404.62, which was calculated as follows." However, in the calculations section of the petition, it stated the judgment amount was $65,967.12; the statutory interest on the judgment was $41,365.44; and the "[a]mount remaining due on judgment" was $107,332.56. The parties would acknowledge in a subsequent hearing in 2021 that the petition should have stated the amount due was $107,332.56 instead of the $5,404.62 that was erroneously written in the petition. The plaintiffs in their petition further asked the trial court to find that interest accrued on the judgment at the statutory rate of $16.26 per day. On March 10, 2015, the trial court granted the plaintiffs' petition and revived the default judgment of $65,967.12 against the defendants and awarded interest, totaling $108,568.32, for the time the judgment was unpaid.

¶ 6    On May 14, 2019, Mr. Souri filed a petition to vacate the judgment entered on January 3, 2008, pursuant to 735 ILCS 5/2-1401(f) (West 2018). In that petition, Mr. Souri argued, that he

[2]The Domain Group is not a party to this appeal. Two different affidavits from the Secretary of State of Illinois, which were sworn to on September 20, 2007, and January 20, 2015, respectively, assert that the Domain Group, as a corporation, was dissolved on June 8, 2007. The January 20, 2015, affidavit stated that George Souri was the registered agent of the Domain Group. The record is silent as to whether Mr. Souri was served as a registered agent of the Domain Group and the status of the Domain Group after the petition to revive the judgment was filed.

was not served the summons nor the complaint and did not know about the judgment until he was served with a citation on May 7, 2019. After an evidentiary hearing on Mr. Souri's petition on October 27, 2020, the trial court denied Mr. Souri's section 2-1401 petition. The trial court further stated that it believed that Mr. Souri's father, who was a member of Mr. Souri's household at the time in question, was the individual who was served with the summons and complaint on July 11, 2007. The court then denied Mr. Souri's section 2-1401 petition seeking to vacate the January 3, 2008, judgment.[3]

¶ 7    Mr. Souri filed a motion to vacate the revival judgment entered on March 10, 2015. The trial court conducted a hearing on the motion on March 8, 2021. The crux of Mr. Souri's argument in the hearing was that due to the conflicting numbers about the amount due by the defendants in the plaintiffs' 2014 petition to revive the judgment, the trial court lacked jurisdiction to enter its March 10, 2015, order, making the order void. On March 8, 2021, the trial court vacated the March 2015 order, reviving the judgment, in its entirety, finding that the trial court lacked jurisdiction to enter the order previously. The parties did not appeal this issue.

¶ 8    On March 11, 2021, the plaintiffs filed a petition to revive the 2008 judgment including the statutory interest, removing the scrivener's error from their prior 2014 petition. On August 6, 2021, the trial court granted the petition to revive the judgment and awarded statutory interest. Mr. Souri filed a notice of appeal on September 3, 2021.

---

[3]Subsequently, in a separate appeal, Mr. Souri appealed the trial court's judgment, denying his section 2-1401 petition. This court affirmed the trial court's judgment in *Domain Group, Ltd.*, 2022 IL App (1st) 210072-U.

No. 1-21-1113

¶ 9                                    ANALYSIS

¶ 10    We note that we have jurisdiction to consider this matter, as Mr. Souri filed a timely notice

of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff.

July 1, 2017).

¶ 11    Mr. Souri presents the following issues on appeal: (1) whether the trial court erred in

granting the plaintiffs' petition to revive the 2008 judgment; and (2) whether the trial court erred

by applying interest to the judgment. He first argues that the trial court abused its discretion by

granting the revival of the judgment because the revival violated the doctrine of *laches*.

¶ 12    Section 2-1602 of the Code of Civil Procedure (Code), which covers the revival of

judgments, states:

> "[A] judgment may be revived by filing a petition to revive the judgment in the
>
> seventh year after its entry, or in the seventh year after its last revival, or in the twentieth
>
> year after its entry, or at any other time within 20 years after its entry if the judgment
>
> becomes dormant and by serving the petition and entering a court order for revival as
>
> provided in the following subsections." 735 ILCS 5/2-1602 (West 2020).

¶ 13    Mr. Souri's argument that the trial court erred in reviving the 2008 judgment is based on

the doctrine of *laches*. *Laches* is " 'a neglect or omission to assert a right, taken in conjunction

with a lapse of time of more or less duration, and other circumstances causing prejudice to an

adverse party, as will operate to bar relief in equity.' " *Sundance Homes, Inc. v. County of DuPage*,

195 Ill. 2d 257, 270 (2001) (quoting *Meyers v. Kissner*, 149 Ill. 2d 1, 12 (1992)). "Whether to

apply *laches* rests within the trial court's discretion." *Whitlock v. Hilander Foods, Inc.*, 308 Ill.

App. 3d 456, 464 (1999). A court abuses its discretion when its decision is arbitrary or no

reasonable person would have taken the same view. *AT&T v. Lyons & Pinner Electric Co.*, 2014

- 5 -

No. 1-21-1113

IL App (2d) 130577, ¶ 21.

¶ 14　In this case, the plaintiffs filed a petition to revive the judgment on December 23, 2014, less than seven years after the default judgment was entered. Mr. Souri alleges that the plaintiffs made no efforts to enforce the judgment until May 2019. Mr. Souri argues this created prejudice, as he was unable to defend himself from a matter originally filed in 2007. That is the extent of Mr. Souri's argument, and he does not cite to any authority other than general rules of law regarding the *laches* doctrine and abuse of discretion. However, that alone, without authority to show *how* the court abused its discretion is not enough to comply with Illinois Supreme Court Rule 341(h)(7) (eff. October 1, 2020). See Ill. S. Ct. R. 341(h)(7) ("Argument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. *** Points not argued are forfeited."). Mr. Souri does not present a nexus between the decision to revive the judgment, the doctrine of *laches*, and caselaw or other authority on *laches* and how the court's decision constitutes an abuse of discretion. A court of review is entitled to have the issues clearly defined and to be cited by pertinent authority. *People ex rel. Illinois Dept. of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56. A point not argued or supported by citation to relevant authority fails to satisfy the requirements of Supreme Court Rule 341(h)(7), and failure to comply with the rule's requirements results in forfeiture. *E.R.H. Enterprises*, 2013 IL 115106, ¶ 56. Moreover, this court is not a repository upon which the parties may foist their burden of argument and research. *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33. As Mr. Souri's argument on appeal does not meet the requirements of Rule 341(h)(7), Mr. Souri has forfeited that argument.

¶ 15　Even assuming *arguendo* we were to attempt to review the issue on the merits, it is not clear that Mr. Souri's argument has merit. Whether we review the trial court's ruling based on the

first revival of the judgment in 2015 or the subsequent revival in 2021 after the 2015 judgment was vacated in 2021, both were within the 20-year limitation set by the statute providing for revivals of judgments. Essentially, Mr. Souri asks us to find that equitable relief applies in contravention of the statute. While *laches* is mostly a factual question, little facts were presented by Mr. Souri to show why equitable relief should apply here. *Laches* bars an action where because of delay, " 'a party has been misled or prejudiced or has taken a course of action different from what the party otherwise would have taken.' " *Osler Institute, Inc. v. Miller*, 2015 IL App (1st) 133899, ¶ 23 (quoting *Senese v. Climatemp, Inc.*, 289 Ill. App. 3d 570, 578 (1997)). *Laches* only applies where:

> "(1) conduct on the part of the defendant giving rise to the situation of which complaint is made and for which the complainant seeks a remedy; (2) delay in asserting the complainant's rights, the complainant having had notice or knowledge of defendant's conduct and the opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit[;] and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant." (Internal quotation marks omitted.) *Miller*, 2015 IL App (1st) 133899, ¶ 23.

The burden rests on the defendant to prove that *laches* applies. *Miller*, 2015 IL App (1st) 133899, ¶ 23.

¶ 16   Here, as the trial court previously noted and this court affirmed in *Domain Group, Ltd*, 2022 IL App (1st) 210072-U, the defendants were properly served with the initial complaint and should have known about the default judgment. Thus, it is disingenuous for Mr. Souri to claim he did not have notice. Moreover, it is unclear what injury was suffered by Mr. Souri outside of a vague statement that his defense was impacted. Accordingly, under these facts and circumstances,

Mr. Souri has provided no factual support for his contention of *laches* as a defense to the revival of the 2008 judgment. Therefore, the trial court did not err in reviving that judgment.

¶ 17 Mr. Souri next argues that the trial court erred by applying interest to the judgment during the period when it was dormant.

¶ 18 "Every judgment except those arising by operation of law from child support orders shall bear interest thereon as provided in Section 2-1303." 735 ILCS 5/12-109 (West 2020). Section 2-1303 of the Code states, "judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied." 735 ILCS 5/2-1303 (West 2020).

¶ 19 The statute does not create any exception as to *when* a judgment accrues interest, especially one that applies to a dormant judgment.[4] Mr. Souri makes no arguments as to the legislature's intent to create such an exception nor does the caselaw support such an exception. The primary objective of statutory construction is to discern the legislature's intent, and the best way to ascertain that intent is the plain language of the statute. *Bank One Milwaukee v. Sanchez*, 336 Ill. App. 3d 319, 323 (2003). As a consequence, we decline Mr. Souri's invitation to write in an exception to the plain language of the statute as provided in section 12-109 of the Code. Therefore, the trial court did not err in applying interest to the judgment for the period in question and we affirm its judgment.

¶ 20 CONCLUSION

¶ 21 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22 Affirmed.

---

[4]A judgment becomes dormant seven years after the judgment is entered or seven years after the latest revival of judgment. See *Burman v. Synder*, 2014 IL App (1st) 130772, ¶ 17. In this case, after the March 10, 2015, order was vacated, the judgment was dormant from January 3, 2015, until August 6, 2021.