(No. 91804

MARILYN LAUER, Appellee, v. AMERICAN FAMILY LIFE INSURANCE COMPANY, Appellant.

*Opinion filed April 4, 2002.—Rehearing denied May 29, 2002.*

Peterson & Ross, of Chicago (Sean Patrick MacCarthy and Craig M. Bargher, of counsel), for appellant.

Schoen, Mangan & Smith, Ltd., of Chicago (Lee J. Schoen, of counsel), for appellee.

JUSTICE THOMAS delivered the opinion of the court:

At issue is whether an insurance company can validly make the two-year contestability period in a life insurance policy begin on the policy's issue date rather than on the date it issues a conditional receipt to the insured. We hold that it can.

## BACKGROUND

The facts are undisputed. On March 23, 1997, Albert Lauer applied for life insurance with defendant, American Family Life Insurance Company. In his application, Lauer failed to disclose that he had been diagnosed with terminal lung cancer in May 1996 and had received

multiple regimens of chemotherapy during 1996 and 1997. On March 26, 1997, Lauer paid his first premium and defendant issued a conditional receipt. The conditional receipt provided temporary life insurance that would end on the earlier of 120 days or the date insurance took effect under the policy. Defendant subsequently issued Lauer a 20-year decreasing term life insurance policy with an "issue date" of April 12, 1997. Lauer's wife, plaintiff Marilyn Lauer, was the named beneficiary.

Lauer died of lung cancer on March 28, 1999, and plaintiff submitted a claim for benefits under the policy. Defendant initiated an investigation and received medical records showing that plaintiff had been diagnosed with lung cancer in 1996 and had received chemotherapy in 1996 and 1997. Defendant informed plaintiff that it would not honor the policy because Lauer had materially misrepresented his health and had failed to answer questions truthfully in his application. Defendant asserted that it considered Lauer's lung cancer material to the risk it assumed and that it would not have issued the policy if Lauer had disclosed that he had cancer. Accordingly, defendant refunded the premiums Lauer had paid.

Plaintiff filed a two-count complaint against defendant. In count I, she sought a declaratory judgment that the policy was incontestable when her husband died. In count II, she alleged that defendant breached the contract by failing to pay benefits. Defendant moved to dismiss both counts. Defendant argued that count I should be dismissed pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)) because the two-year contestability period began on the policy's issue date rather than on the date it issued the conditional receipt. Thus, the policy was still contestable when Lauer died. Defendant argued that count II should be dismissed pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 2000)) because

Lauer had made material misrepresentations in his application. Thus, defendant was entitled to rescind the policy. The circuit court of Cook County granted the motion, and plaintiff appealed.

The appellate court reversed and remanded. 321 Ill. App. 3d 890. The court held that the contestability period began to run on March 26, 1997, the day defendant issued a conditional receipt to Lauer. Citing section 224(c) of the Illinois Insurance Code (Insurance Code) (215 ILCS 5/224(c) (West 2000)), the court stated that the application was part of the insurance contract and thus the contestability period began when plaintiff's coverage began with defendant. The court believed that section 224(c) evinced a legislative intent to make the contestability period run from payment of the first premium, not from an arbitrary issue date selected by the insurance company. 321 Ill. App. 3d at 894-95. We granted defendant's petition for leave to appeal.

## ANALYSIS

Defendant first argues that the appellate court erred in holding that the two-year contestability period began to run on the date defendant issued a conditional receipt, rather than on the policy's issue date. We agree.

We begin by analyzing the relevant policy language. The incontestability clause provides, in relevant part:

"We will not contest the validity of this Policy except for nonpayment of Premium after it has been in force during the Primary Insured's lifetime for two years from the later of:
1. the Issue Date; or
2. the date We approve any Reinstatement Application."

"Issue Date" is defined as "[t]he date this Policy was issued as shown in the Schedule." The schedule lists the issue date as April 12, 1997. Thus, the policy clearly provides that the contestability period began to run on April 12, 1997, and the only question is whether the policy language was contrary to the Insurance Code.

The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479 (1994). Moreover, courts afford considerable deference to the interpretation placed on a statute by the agency charged with its administration. *Denton v. Civil Service Comm'n*, 176 Ill. 2d 144, 148 (1997); *City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268*, 122 Ill. 2d 353, 361 (1988).

Section 224 of the Insurance Code (215 ILCS 5/224 (West 2000)) sets forth the standard provisions required in life insurance policies issued in Illinois. The relevant portion is subsection (c), which contains the requirements for the contestability period:

> "(c) A provision that the policy, together with the application therefor, a copy of which shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties and that after it has been in force during the lifetime of the insured a specified time, not later than 2 years from its date, it shall be incontestable except for nonpayment of premiums ***; provided that the application therefor need not be attached to or made a part of any policy containing a clause making the policy incontestable from date of issue." 215 ILCS 5/224(c) (West 2000).

The appellate court read the "it" in the clause "after it has been in force during the lifetime of the insured a specified time, not later than 2 years from its date" as referring to the "entire contract between the parties" rather than to the "policy." Thus, according to the appellate court, the legislature unequivocally showed an intent to have the two-year period run from the first date at which the parties entered into any part of the contract, not from the policy's "issue date." 321 Ill. App. 3d at 894. The court, however, analyzed this section as if the

final clause did not exist. The final clause—"provided that the application therefor need not be attached to or made a part of any policy containing a clause making the policy incontestable from date of issue"—demonstrates the error of the appellate court's analysis in two respects. First, when this section is read as a whole, it is clear that the "it" in the first clause refers to the policy, not to "the entire contract between the parties." Following the language to the end of the section shows that the same "it" is the object of the last clause, which begins "provided that the application therefor." A person applies for a policy, not "the entire contract between the parties." Thus, "it" must refer to the policy, and the reference to "its date" refers to the policy's date, not the date the parties first entered into the contract.

Much more importantly, however, the final clause specifically authorizes the insurance company to include a provision that the contestability period begins on the policy's issue date. Although the appellate court was correct that the statute makes the application and the policy the entire contract between the parties, the statute just as clearly provides that "the application therefor need not be attached to or made a part of any policy containing a clause making the policy incontestable from date of issue."

Additionally, section 401(a) of the Insurance Code (215 ILCS 5/401(a) (West 2000)) gives the Director of Insurance the power to make reasonable rules and regulations to make the insurance laws effective. The provision of the Illinois Administrative Code applicable to section 224(c) provides that "[t]he period of contestablility shall be determinable from the policy, i.e., by reference to a specified issue date, policy date or effective date ***." 50 Ill. Adm. Code § 1405.40(e)(2) (2001). Here, as specifically authorized by statute and administrative regulation, defendant's policy makes the contestability period run from the issue date.

It is also clear that the insurance provided under the conditional receipt was not part of the subsequent policy issued to Lauer. By its own terms, the conditional receipt provided temporary insurance, provided that certain conditions were met. It specifically provided that the insurance it provided expired 120 days after it was issued or the date insurance took effect under the policy applied for. Thus, the insurance provided under the conditional receipt expired when defendant issued the policy.

The appellate court held that it was "clear" that the legislature intended the contestability period to begin on the date the insurance company first receives a premium from the insured, rather than from the policy's issue date, and that this interpretation was in accord with "the public policy of protecting the public from unscrupulous insurance companies." 321 Ill. App. 3d at 895. We are unsure how the appellate court reached this conclusion, given that the statute says nothing about the period of contestability running from the date a premium is received and instead specifically authorizes the company to make the period run from the date of issue. The appellate court focused on what it believed was a fair result rather than on what the statute specifically provides. This was clearly in error because an insured's right to have a policy become incontestible after two years, except for the nonpayment of premiums, is wholly statutory. Thus, the legislature may provide when that period begins to run, and a court may not, in the guise of statutory construction, rewrite the statute to suit its own notions of fairness.

Interestingly, the rule of statutory construction plaintiff asks us to follow is that " '[t]he only legitimate function of the courts is to declare and enforce the law as enacted by the legislature, to interpret the language used by the legislature where it requires interpretation, and not to annex new provisions or substitute different ones,

or read into a statute exceptions, limitations, or conditions which depart from its plain meaning.' " *Bronson v. Washington National Insurance Co.*, 59 Ill. App. 2d 253, 261-62 (1965), quoting *Belfield v. Coop*, 8 Ill. 2d 293, 307 (1956). We agree, and that is why we cannot accept plaintiff's interpretation. Defendant was authorized by statute to have the contestability period run from the policy's issue date, and thus the clause at issue was valid and enforceable. Accordingly, the policy was still contestable when Lauer died, and the appellate court erred in reversing the circuit court's dismissal of count I of plaintiff's complaint.

Defendant also argues that the circuit court correctly dismissed count II of the complaint, which alleged that defendant breached the contract by failing to pay proceeds. We agree. Defendant's evidence conclusively established that Lauer materially misrepresented his health, and plaintiff has not disputed this fact. Plaintiff has focused solely on whether the policy was contestable and has not argued that, if the policy was still contestable, defendant would not be entitled to rescind the contract. Accordingly, we hold that the trial court correctly dismissed count II.

## CONCLUSION

In sum, we hold that section 224(c) of the Insurance Code authorizes an insurer to provide that the contestability period begins on the policy's issue date. Defendant's incontestability clause was thus valid and enforceable, and the policy was still contestable when Lauer died. Accordingly, as there was no dispute that Lauer fraudulently failed to disclose his lung cancer, defendant was entitled to rescind the policy. We reverse the appellate court's judgment and affirm the circuit court's dismissal of plaintiff's complaint.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*