In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

Nos. 18-1336 & 18-1338

RICK OCHOA and IRENE B. ANDERSON,

*Plaintiffs-Appellants*,

*v.*

STATE FARM LIFE INSURANCE COMPANY
and COUNTRY LIFE INSURANCE COMPANY,

*Defendants-Appellees*.

———————————

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 17 C 4274 & 17 C 4270 — **Robert W. Gettleman**, *Judge*.

———————————

ARGUED SEPTEMBER 5, 2018 — DECIDED DECEMBER 13, 2018

———————————

Before KANNE, SYKES, and ST. EVE, *Circuit Judges*.

SYKES, *Circuit Judge*. Rick Ochoa and Irene Anderson hold participating life-insurance policies from State Farm Life Insurance Company and Country Life Insurance Company respectively. The policies guarantee policyholders annual dividends from their insurers' surpluses, but the insurers decide the dividend amounts.

Dissatisfied with their dividends, Ochoa and Anderson filed nearly identical class-action complaints claiming that the dividend provisions in their policies violate the Illinois Insurance Code. In a single decision, the district court dismissed the complaints. We consolidated the appeals and now affirm. Illinois requires only that life-insurance policies of this type contain a provision for policyholders to participate in their insurers' surpluses. The policies at issue here contain such a provision.

## I. Background

The dividend provisions in the State Farm and Country Life policies do not materially differ. The State Farm provision reads: "We may apportion and pay dividends each year. Any such dividends will be paid at the end of the policy year if all premiums due have been paid."[1] Similarly, the Country Life provision states:

> This is a participating policy, which means it may share in any dividends We pay to policy Owners. Each year We determine how much money may be paid to Our policy Owners as divisible surplus. We then determine how much of that divisible surplus should be allocated to this policy as an annual dividend. Dividends may be allocated to this policy only while it is in full force or continued as paid-up life insurance. If the policy is Extended Term Insurance, no dividends will be paid.

---

[1] Ochoa holds five policies from State Farm, some of which contain a slightly different version of the dividend provision.

Ochoa and Anderson concede that their annual dividends satisfied the terms of their respective policies. But they contend that their policies do not contain a standard dividend provision mandated by the Illinois Insurance Code. Asserting claims for breach of contract, they sued the insurers in the Northern District of Illinois invoking class-action jurisdiction. *See* 28 U.S.C. § 1332(d). Because the suits were functionally equivalent, the cases were assigned to the same judge.

The insurers moved to dismiss for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6). The judge resolved the motions in a single decision, holding that the policies in question contain the standard provision required by Illinois law. The judge accordingly entered judgment for the insurers, and Ochoa and Anderson appealed. Because the appeals are materially identical, we consolidated the cases.

## II. Analysis

We review a Rule 12(b)(6) dismissal de novo. *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 786 (7th Cir. 2015). To survive a motion to dismiss, the plaintiffs' complaints must state a plausible claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While styled as claims for breach of contract, the claims actually rest on an interpretation of section 224 of the Illinois Insurance Code, which describes the standard provisions that all life-insurance policies issued in Illinois must "con-

tain[] in substance." 215 ILL. COMP. STAT. 5/224 (2016). The standard provisions required by statute "form a part of" a life-insurance policy and control when they conflict with the actual policy provisions. *DC Elecs., Inc. v. Emp'rs Modern Life Co.*, 413 N.E.2d 23, 28 (Ill. App. Ct. 1980).

At issue here is section 224(e), the standard provision governing dividends, which requires "that the policy shall participate annually in the surplus of the company beginning not later than the end of the third policy year." 215 ILL. COMP. STAT. 5/224(e). The question for us is whether a policy that indisputably provides for annual dividends but allows insurers discretion to set dividend amounts complies with this provision.

Ochoa and Anderson insist that the answer is "no." Their argument recasts section 224(e) as requiring "*full* annual participation" in the insurers' surpluses. But section 224(e) doesn't require "full" participation. It requires only that policyholders "participate" in the company's surplus. The ordinary meaning of "participate" at the time of the section's enactment in 1907 did not speak to the *extent* of participation; nor has the meaning changed since then. *See Participate*, WEBSTER'S NEW INTERNATIONAL DICTIONARY (1st ed. 1907) ("to receive a part of"); *Participate*, OXFORD ENGLISH DICTIONARY (1st ed. 1909) ("to take or have a part or share of or in"); *Particpate*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1981) ("to have a part or share in something").

The plaintiffs contend that "participate" is a term of art that requires a set dividend amount, but they do not articulate "a fixed and technical meaning in the law" to support their view. *Vicencio v. Lincoln–Way Builders, Inc.*, 789 N.E.2d 290, 301 (Ill. 2003) (quoting *Galowich v. Beech Aircraft Corp.*,

441 N.E.2d 318, 321 (Ill. 1982)). Nor can they. Reading the term "participate" in the insurance context does not alter its meaning in their favor. *See Participating Insurance*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("A type of insurance that allows a policyholder to receive dividends."); *Participating <~insurance>*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY ("entitling the holder to a share in any distribution of surplus by the issuing insurance company").

Perhaps recognizing the weakness of their argument, Ochoa and Anderson ask us to hitch section 224(e) to section 243 of the Insurance Code, which governs contingency reserves and allows State Farm and Country Life to "accumulate and maintain in addition to an amount equal to the net value of its participating policies … a contingency reserve not exceeding … ten per centum thereof." 215 ILL. COMP. STAT. 5/243 (2016). The plaintiffs assert that these two provisions, read *in pari materia*, require insurers to distribute any surplus above the contingency-reserve limit as dividends to policyholders.

But in Illinois "[i]t is fundamental that before the rule of *in pari materia* is applied, the statute to be construed must be found to be ambiguous." *People v. 1946 Buick*, 537 N.E.2d 748, 750 (Ill. 1989). Section 224(e) unambiguously does not regulate dividend amounts. We have no need to resort to the *in pari materia* canon.[2]

---

[2] Illinois courts have never held otherwise. Ochoa and Anderson rely heavily on dicta in *Lubin v. Equitable Life Assurance Society of the United States*, 61 N.E.2d 753 (Ill. App. Ct. 1945), which they contend "explains the link" between the two sections. But *Lubin* does not even consider the Illinois Insurance Code, much less the sections at issue here.

Undeterred, Ochoa and Anderson next insist that because section 224(e) imposes a standard contract term, we must consider legislative intent and public-policy concerns in order to interpret it.[3] We decline the invitation to depart from the well-established rule that "[s]tatutory words and phrases are given their ordinary meaning." *Singh v. Sessions*, 898 F.3d 720, 725 (7th Cir. 2018). Indeed, the Illinois Supreme Court has relied on "plain and ordinary meaning" when interpreting section 224. *See Lauer v. Am. Family Life Ins. Co.*, 769 N.E.2d 924, 926 (Ill. 2002).

Finally, Ochoa and Anderson jettison section 224(e) altogether and claim that section 243—the contingency-reserve provision—is incorporated directly into their policies. But unlike section 224(e), section 243 does not prescribe a standard policy provision. And as with most of the Illinois Insurance Code, it lacks a private right of action. Instead, it is enforced by the Illinois Director of Insurance. *See Vine St. Clinic v. HealthLink, Inc.*, 856 N.E.2d 422, 439 (Ill. 2006) (citing 215 ILL. COMP. STAT. 5/401-07 (2004)). Ochoa and Anderson cannot circumvent this barrier by framing an alleged statutory violation as a breach of contract. *See Village of McCook v. Ill. Bell Tel. Co.*, 780 N.E.2d 335, 341 (Ill. App. Ct. 2002) (rejecting the use of a breach-of-contract claim to enforce statutory provisions that lack a private right of action).

Even setting this problem aside, their argument is wholly unsupported by section 243, which says nothing about

---

[3] Ochoa and Anderson support their claim with *Kolbe v. BAC Home Loans Servicing, LP*, 738 F.3d 432 (1st Cir. 2013) (en banc), and *Feaz v. Wells Fargo Bank, N.A.*, 745 F.3d 1098 (11th Cir. 2014). Neither opinion purports to create the exception that Ochoa and Anderson propose.

dividends or distribution. Nor does it define "surplus" in relation to section 224(e). There is no ambiguity. Section 243 does not limit insurer discretion to set dividend amounts.

The State Farm and Country Life policies comply with section 224(e). Ochoa and Anderson do not have a cause of action to sue under section 243, which in any event would not create a right to the relief they seek. Because both complaints fail to state a claim for breach of contract, the judgments below are

AFFIRMED.