NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 15, 2019
Decided June 7, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2178

| | |
|---|---|
| TERESA DI JOSEPH, <br>     *Plaintiff-Appellant,* <br><br> *v.* <br><br> STANDARD INSURANCE COMPANY <br> and UNITEDHEALTH GROUP, <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:17-CV-04444 <br><br> Rebecca R. Pallmeyer, <br> *Judge.* |

**O R D E R**

Teresa Di Joseph appeals the district court's dismissal of her claims against Standard Insurance Company and UnitedHealth Group. Di Joseph sued the companies for terminating her long-term disability benefits. She brought thirteen claims under Illinois law and alleged the companies violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. The district court found that all of Di Joseph's state-law claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. The court also held that the claims DiJoseph framed as state-law claims were necessarily ERISA claims and were barred under the contractual time limit of the insurance policy, and that the time limit

was not equitably tolled. The court dismissed the RICO claim on the ground that Di Joseph failed to allege the elements of civil racketeering. We affirm.

I.  *Facts and Procedural History*

When reviewing a dismissal on the pleadings, we accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff's favor. *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019), quoting *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 382 (7th Cir. 2016). Plaintiff Di Joseph was an employee of UnitedHealth for approximately 32 years. As an employee of UnitedHealth, she received long–term disability insurance through the company, at no direct cost to her, under a policy issued by Standard Insurance Company. The Standard policy required a claimant for long-term disability benefits to file a "Proof of Loss" after a mandatory waiting period. Important to this case, the policy established a three-year time limit for bringing any legal action related to a long-term disability claim. Under the policy, the clock on the three-year limit began running when Standard received a Proof of Loss.

Di Joseph struggled with poor health toward the end of her employment with UnitedHealth. She took a leave of absence beginning January 14, 2013 and never returned to her job. Standard confirmed that it received her Proof of Loss on July 12, 2013 and that she was eligible to receive $2,760.11 per month due to fibromyalgia, complex regional pain syndrome following foot surgery, and Reflex Sympathetic Dystrophy Syndrome. Standard paid monthly benefits to Di Joseph until a review of additional medical records led it to conclude that she was no longer disabled. Standard ceased payments to Di Joseph as of December 31, 2014.

As required by ERISA, Standard had established an administrative appeal process for such decisions, and Di Joseph used the process to appeal the decision to end her benefits. With her appeal, she provided a written description of her physical ailments and letters from a psychologist and a psychiatrist. Standard completed the administrative review and stood by its decision to end her benefits, which it explained in a detailed letter dated April 30, 2015. Standard concluded that Di Joseph's condition had improved to the point that she could resume her prior occupation and that she could do sedentary work full-time.

Having exhausted the administrative remedies, Di Joseph filed suit against Standard and UnitedHealth in an Illinois state court on May 1, 2017. She alleged that both UnitedHealth and Standard denied her benefits in bad faith, that UnitedHealth breached its contract with her, and that liability against UnitedHealth was appropriate under the theory of *respondeat superior* because it had "retained" Standard to administer the disability insurance plan. The defendants removed the case to federal court,

asserting that all of Di Joseph's claims were preempted by ERISA under 29 U.S.C. § 1144(a). Defendants then moved to dismiss, arguing that her state-law claims were preempted and that her (implicit) ERISA claim was untimely.

During a status conference on July 21, 2017, UnitedHealth orally moved for the claims against it to be dismissed. UnitedHealth argued it was only the policyholder and played no role in the denial of benefits. The district court granted the motion to dismiss as to UnitedHealth and gave Di Joseph the opportunity to amend her complaint to reflect the change in defendants.

Di Joseph, however, did not amend her complaint to reflect UnitedHealth's dismissal. Instead, on September 15, 2017, she reasserted the same four claims against both UnitedHealth and Standard, added nine more state-law claims, and alleged that Standard violated the federal RICO Act, 18 U.S.C. § 1962. She alleged that Standard violated RICO with UnitedHealth by

> engaging in deceptive trade practices, false advertising, and unlawful activity known as [denying] claims for long term disability insurance policies to claimants, to induce customers to sign up for long term disability insurance policies, where racketeers deny payments of long term disability benefits to their customers . . . .

The complaint went on to allege that Standard and UnitedHealth "created . . . a scheme of inducing customers to purchase long term disability insurance policies, which the racketeers know will never be honored . . . . " In response to the defendants' motion to dismiss, Di Joseph made no arguments on the merits. Instead, she reasserted the claims in her amended complaint and briefly mentioned in a footnote that she believed the time limit should be tolled because she had been mentally disabled since 2013. Di Joseph offered no further details regarding the nature of this disability, nor did she offer any case law in support of equitable tolling.

On January 8, 2018, the district court found that all of the state-law claims were preempted by ERISA, and that the implicit ERISA claim was time-barred because the complaint was filed after the contractual three-year limit had passed. As for equitable tolling, the court found that the "complaint in this case includes nothing from which the court could conclude that Ms. Di Joseph's mental disabilities were such that she is excused as a matter of law from compliance with reasonable time limitations." The district court allowed Di Joseph to amend her complaint once more, "but only if she can do so consistent with the requirements of Fed. R. Civ. P. 11."

Di Joseph filed her Second Amended Complaint on January 29, 2018. She did not address the court's concerns. The new complaint alleged the same state-law claims against both Standard and UnitedHealth, did not mention ERISA, and reasserted the RICO claim. Defendants again moved to dismiss under Rule 12(b)(6). The district court granted the motion and dismissed the action with prejudice on May 3, 2018. The court again found that the state-law claims were preempted by ERISA and that the implicit ERISA claim was barred by the deadline in the policy. The court dismissed the RICO claim because some of the elements were "simply not pleaded" and the rest were based on the theory that Standard and UnitedHealth were luring people like Di Joseph to purchase the policy, but it was undisputed that UnitedHealth, as the policyholder, was the one paying the premiums.

On appeal, Di Joseph concedes that her state-law claims are governed by ERISA. Despite this concession, she argues her claims are not *completely* preempted by ERISA, that the judge erred in finding her ERISA claim is time-barred, and that the RICO claim should not have been dismissed. We affirm. Di Joseph's state-law claims are preempted by ERISA and the implicit ERISA claim is barred by the contractual time limit. There was no plausible argument to support equitable tolling, and the RICO claim has been waived on appeal.

II. *Analysis*

"We review a Rule 12(b)(6) dismissal de novo." *Ochoa v. State Farm Life Ins. Co.*, 910 F.3d 992, 994 (7th Cir. 2018). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the plaintiff needs to allege only enough facts to show her claim is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard in *Iqbal*, however, does not amount to a "probability requirement." *Id.*; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Under this standard, we consider first ERISA preemption, then equitable tolling, and finally the RICO claim.

A. *ERISA Preemption*

ERISA was enacted to protect "the interests of participants in employee benefit plans and their beneficiaries." 29 U.S.C. § 1001(b). To accomplish this, "ERISA includes expansive pre-emption provisions, . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004), quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981).

State-law civil claims involving employee retirement and welfare benefits (including disability insurance) governed by ERISA are completely preempted by ERISA, with only a few narrow exceptions. See 29 U.S.C. § 1144(a); *Aetna Health*, 542 U.S. at 208. ERISA is one of the few areas of law subject to "field" preemption, which "occurs when federal law occupies a 'field' of regulation 'so comprehensively that it has left no room for supplementary state legislation.'" *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1480 (2018), quoting *R.J. Reynolds Tobacco Co. v. Durham County*, 479 U.S. 130, 140 (1986); see also, e.g., *Trustees of the AFTRA Health Fund v. Biondi*, 303 F.3d 765, 776 (7th Cir. 2002) (recognizing ERISA's field preemption). Courts recognize the "congressional decision to foreclose any state regulation in the area, even if it is parallel to federal standards." *Int'l Ass'n of Machinists Dist. Ten v. Allen*, 904 F.3d 490, 498 (7th Cir. 2018), quoting *Murphy*, 138 S. Ct. at 1481.

ERISA's preemption provision encompasses "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Aetna Health*, 542 U.S. at 209. Even claims that purport to be based on state law and do not mention ERISA may be removed to federal court based on this preemption because ERISA "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.*, quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) (field preemption applies to ERISA because statute used preemptive language similar to Labor Management Relations Act).

In the final version of her complaint, Di Joseph sued Standard under state law for bad faith, promissory estoppel, equitable estoppel, breach of fiduciary duty, common law fraud, unjust enrichment, negligent hiring and supervision, negligence, intentional emotional distress, and civil conspiracy. She sued UnitedHealth under state law for bad faith, breach of contract, and *respondeat superior* liability for Standard's alleged wrongdoing. The underlying theory for all these claims is that the defendants improperly denied Di Joseph her long-term disability benefits, which are governed by ERISA. All of these state-law claims therefore fall squarely within ERISA preemption.

As noted above, Di Joseph concedes that her claims are governed by ERISA but asserts that they are not all completely preempted. She offers no explanation as to which state-law claims are not preempted or how any portion of them might survive preemption in the face of controlling precedent. In fact, she does not develop any substantive argument in opposition to ERISA preemption. Di Joseph's state-law claims are completely preempted by ERISA. E.g., *Teamsters Local Union No. 705 v. Burlington Northern Santa Fe, LLC*, 741 F.3d 819, 825–26 (7th Cir. 2014) (summarizing ERISA preemption of state-law remedies); *Rice v. Panchal*, 65 F.3d 637, 641 (7th Cir. 1995)

(complete preemption applies "whenever a plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce" under ERISA).

B.  *The Time Limit and Equitable Tolling*

Di Joseph could still pursue relief under ERISA, of course, if she met the applicable requirements. The policy at issue established a contractual time limit for bringing any legal action related to long-term disability claims—three years after Proof of Loss was received by the insurer. The Supreme Court has endorsed the "principle that contractual limitations provisions ordinarily should be enforced as written," calling that principle "especially appropriate when enforcing an ERISA plan." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108 (2013). ERISA requires benefit plans to set up administrative dispute resolution processes. 29 U.S.C. § 1133. The statute does not expressly require exhaustion of administrative remedies before filing suit, but "we have interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute." *Schorsch v. Reliance Standard Life Ins. Co.*, 693 F.3d 734, 739 (7th Cir. 2012), quoting *Edwards v. Briggs & Stratton Ret. Plan*, 639 F.3d 355, 360 (7th Cir. 2011). When determining whether a contractual time limit for filing suit should be enforced, we consider whether the time limit provides the plaintiff a reasonable opportunity to file suit after exhausting administrative remedies. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 874 (7th Cir. 1997).

Di Joseph does not argue the policy's three-year time limit is unenforceable, and we see no reason it would be. Standard received her Proof of Loss on July 12, 2013, which started the three-year clock. Her administrative remedies were exhausted on April 30, 2015, when Standard denied her appeal of the termination of her benefits. Di Joseph still had more than a year left to file suit within the three-year filing period. We have found seven months between exhaustion of administrative remedies and a contractual deadline to file suit to be reasonable. *Abena v. Metropolitan Life Ins. Co.*, 544 F.3d 880, 883–84 (7th Cir. 2008) (applying three-year limit measured from original claim to later decision to terminate benefits where limit still allowed seven months to file suit after termination decision). Under *Abena*, the policy's contractual time limit is enforceable here because it still gave Di Joseph a reasonable opportunity to file suit after she exhausted her administrative remedies for the benefit termination.[1]

---

[1]  The three-year limit would obviously not be enforceable as written where, for example, an insurer paid benefits for four years after receiving the Proof of Loss and only then cut off benefits. See *Abena*, 544 F.3d at 884. This case poses no such issue.

Di Joseph did not file her complaint until May 1, 2017, nearly ten months after the time limit expired. She argues that mental incapacity prevented her from filing within the time limit and that the district court should have allowed her claims to go forward under the doctrine of equitable tolling.

ERISA permits equitable tolling of a contractual time limit in extraordinary circumstances. *Heimeshoff*, 571 U.S. at 114. The burden falls on Di Joseph to show that her mental incapacity prevented her from managing her affairs and acting upon her legal rights. *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them").

The district court properly found that equitable tolling was not appropriate here. First, Di Joseph admitted in her complaint that there was never a time when her disabilities prevented her from managing her affairs or acting upon her legal rights. In fact, during the period of her supposed incapacity, her "mother became [Di Joseph's] caregiver and managed her daughter's financial and legal affairs," ensuring that her interests were protected. The record also shows that Di Joseph actively participated in the appeals process of her benefits claim and, through an attorney, initiated an unrelated legal proceeding during the time she asserts she was incapacitated.

Finally, even if Di Joseph's legal interests were not protected, she has not raised a plausible claim in support of her argument for mental incapacity. The only details she provided regarding any mental impairment come from the letters she submitted from her psychologist and psychiatrist, both written in February 2013. Neither letter indicated that Di Joseph had mental disabilities that were so severe that she was excused from compliance with the reasonable time limitations of the policy. Because Di Joseph did not present factual allegations sufficient to raise a claim for equitable tolling above the speculative level, we affirm the district court's decision.

C. *The RICO Claim*

We do not address the merits of Di Joseph's RICO claim because she waived it on appeal. Arguments properly raised in the district court are still "waived on appeal if they are underdeveloped, conclusory, or unsupported by law." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). Di Joseph's argument that the district court improperly dismissed her RICO claim is underdeveloped and unsupported by law, and thus waived. She barely addressed her RICO claim in her opening brief, only citing the RICO statute itself and asserting briefly that her RICO claim was not preempted by ERISA. The latter assertion missed the point; the district court correctly recognized that one federal statute would not preempt another. Di Joseph's brief simply did not engage

with the reasons the district court gave for its dismissal of the RICO claim, which amounts to waiver. See *Williams v. REP Corp.*, 302 F.3d 660, 666–67 (7th Cir. 2002) (appellant waived argument by failing to address district court's reasoning and principal authority on state-law issue); see also *United Central Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016) (appellants waived challenge to part of district court's holding they did not address); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (dismissing appeal where pro se appellant failed to articulate basis for disturbing district court's judgment). On the RICO claim, Di Joseph's brief offers only an unexplained citation to *United States v. Cagnina*, 697 F.2d 915, 920 (11th Cir. 1983), a case that is not remotely comparable to this one and does not address the district court's reasons for dismissing the RICO claims.

The judgment of the district court is AFFIRMED.